Ms. Goolsby was threatened with death, she was manhandled by unsavory characters who clearly were prepared to do her harm, and she was physically injured while escaping from a delivery truck where she had been confined by her captors. As a direct result of her experience, Goolsby suffers from post-traumatic stress disorder, and I cannot distinguish how that injury, which was directly caused by the actions of the robbers, differs from any physical wound that would have been caused had the robbers shot her, for example. I do not believe that the legislature intended to exclude a mental injury that is a direct result from an on-the-job incident in which the employee was physically involved. Her injury meets the other criteria that would allow her to recover worker's compensation benefits. She was involved in *Page 107 
a work-related "accident," if you will, during the line and scope of her employment.
Goolsby's experience is far outside the realm of what might be considered the "usual conditions" under which a worker might file a worker's compensation claim for a mental disease or disorder, i.e., seeing another co-worker injured, or being stressed over job-related issues such as job performance or company layoffs. She underwent a specific physical trauma which left her injured both physically and mentally.
I believe that the majority has misapplied § 25-5-1(9). I would reverse the judgment of the trial court. Therefore, I must respectfully dissent.